JUDGE BAER

11 CIV 5702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KAREN LONGO,

                                                      Plaintiff,

                     -against-

THE CITY OF NEW YORK, POLICE OFFICER
GEORGE MCFALL, SHIELD NO. 00680, POLICE
OFFICER JOHN DOE 1-4.

                                                    Defendants.

COMPLAINT

Jury Trial Demanded

RECEIVED AUG 16 2011 U.S.D.C. S.D.N.Y. CASHIERS

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.      This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on August 14, 2010, defendants falsely arrested her and made false allegations about her. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper here pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff is a resident of the State of New Jersey.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. George McFall and John Does (the "officers") are New York City Police Department (NYPD) Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. These defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. On August 14, 2010, at or about 2:15 a.m. plaintiff was lawfully driving an automobile in the vicinity of 10th Avenue and West Street in Manhattan.

8. A NYPD police car stopped plaintiff's automobile.

9. NYPD police officer George McFall arrested plaintiff for allegedly driving while under the influence of alcohol.

10. At that time and at no point had Plaintiff committed a crime or a traffic violation.

11. At the NYPD Intoxicated Drivers Test Unit (IDTU) the IDTU Technician Police Officer Almanzar concluded that plaintiff was not under the influence of alcohol or drugs.

12. Plaintiff was arrested regardless.

13. Plaintiff was brought to Manhattan Central Booking where she was held for about 1 day.

14. Plaintiff was released on her own recognizance and made a number of court appearances over the next six months.

15. All charges were dismissed against plaintiff.

16. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered pain, emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation.

17. Plaintiff also suffered financial losses, in that she was forced to hire a private attorney and missed work as a result of the arrest.

## FIRST CLAIM
## (FALSE ARREST/FALSE IMPRISONMENT)

18. Plaintiff repeats the foregoing allegations.

19. No officer observed plaintiff commit a crime or a traffic violation on August 14, 2010.

20. At no time on August 14, 2010, did plaintiff commit a crime or a traffic violation.

21. Accordingly, defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## SECOND CLAIM

## (MALICIOUS PROSECUTION)

21. Defendant Officers commenced a criminal proceeding against Defendant.

22. Such proceeding terminated in favor of Plaintiff.

23. No probable cause existed for the commencement of the criminal proceeding.

24. Defendant Officers commenced the proceeding with actual malice.

25. In maliciously prosecuting Plaintiff, Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

26. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### THIRD CLAIM
### (MONELL CLAIM)

22. Plaintiff repeats the foregoing allegations.

23. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

24. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

i. Compensatory damages in an amount to be determined by a jury;

ii. Punitive damages in an amount to be determined by a jury;

iii. Costs, interest and attorney's fees;

iv. Such other and further relief as the Court may deem just and proper.

DATED:   August 15 2011
         New York, New York

_____
CHRISTOPHER D. WRIGHT (CW-8079)
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419