UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| KAREN LONGO<br><br>            Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER GEORGE MCFALL, SHIELD NO. 00680, POLICE OFFICER JOHN DOE 1-4,<br><br>            Defendants. | **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK AND OFFICER GEORGE MCFALL**<br><br>11 Civ. 5702<br><br>JURY TRIAL DEMANDED |

------------------------------------------------------------------------ x

    Defendants The City of New York and Police Officer George McFall, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

    1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

    2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

    3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

    4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

    5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York.

6. Deny the allegations set forth in paragraph "6" of the complaint except admit that George McFall is employed by the City of New York as a member of its police department and state that "acting under the color of state law and in their capacities as City law enforcement officers" sets forth conclusions of law rather than averments of fact, to which no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff was arrested.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was arrested.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was brought to Central Booking.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. In response to the allegations set forth in paragraph "18" of the complaint, defendants repeat and reallege the responses set forth in the previous paragraphs inclusive of their answer as if fully set forth herein

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in the paragraph also numbered "21" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph numbered "22" of the complaint.

24. Deny the allegations set forth in the paragraph numbered "23" of the complaint.

25. Deny the allegations set forth in the paragraph numbered "24" of the complaint.

26. Deny the allegations set forth in the paragraph numbered "25" of the complaint.

27. Deny the allegations set forth in the paragraph numbered "26" of the complaint.

28. In response to the allegations set forth in the second paragraph numbered "22" of the complaint on page 4, which reads "Plaintiff repeats the foregoing allegations" defendants repeat and reallege the responses set forth in the previous paragraphs inclusive of their answer as if fully set forth herein.

29. Deny the allegations set forth in the second paragraph numbered "23" of the complaint on page 4.

30. Deny the allegations set forth in the second paragraph numbered "24" of the complaint on page 4.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

31. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

32. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

33. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

34. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

35. Punitive damages cannot be awarded against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

36. Defendant Police Officer George McFall has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and therefore are protected by qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

37. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

38. Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

39. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h), and/or 50(i).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

40. Plaintiff provoked any incidents.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

41. Plaintiff failed to mitigate any alleged damages.

**WHEREFORE,** defendants City of New York and Police Officer George McFall request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 7, 2011

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                              City of New York
                         *Attorney for Defendants City of New York and*
                         *Police Officer George McFall*
                         100 Church Street, Room 3-171
                         New York, New York 10007
                         (212) 788-1177

By:   /s/ *Linda Mindrutiu*
       LINDA MINDRUTIU (LM0801)
       Assistant Corporation Counsel

To: <u>BY ECF</u>

Christopher Wright